762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
WILLIAM L. GREER, DEFENDANT-APPELLANT.
 NO. 84-5856
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 Appeal from the United States District Court for the Western District of Tennessee
 Before: KENNEDY and MILBURN, Circuit Judges; and GUY, District Judge.*
 PER CURIAM.
 
 
 1
 This is a direct appeal from Greer's conviction for possession of heroin with intent to distribute. On May 1, 1984, Sgt. Michael Houston of the Memphis Police Department and Metro Narcotics Unit and other Metro narcotics officers executed a warrant to search petitioner's alleged residence and found approximately 4 oz. of heroin. Also found were a photo of petitioner and his girlfriend and several items bearing Greer's name, including a phone book, traffic ticket, and receipts, as well as clothes of his size. At the time in question, Houston also worked with the Drug Task Force and held county and federal commissions.
 
 
 2
 Fed. R. Crim. P. 41(a) requires that a search warrant be issued by a federal magistrate or judge of a state court of record. In this case, the warrant in question was issued by a judge of the General Sessions Court of Shelby County. After a suppression hearing prior to trial, the District Court held that evidence seized during the search could be admitted into evidence, concluding that although the issuing court was not a state court of record, at the time Houston applied for the warrant he was acting solely in his capacity as a local officer proceeding in a case under state law and that Rule 41 was not applicable. Petitioner contends that the District Court erred in refusing to suppress this evidence.
 
 
 3
 During trial, defendant objected to the introduction of photographs taken by Houston during the search, on the ground that they had not been disclosed to the defense during discovery pursuant to Fed. R. Crim. P. 16. The court sustained defendant's objection. Shortly thereafter, the government sought to introduce one of the photographs found during the search. Defendant again made a Rule 16 objection, which was overruled following the statement of the government's attorney that he and defendant's attorney had discussed the photos found during the search at the suppression hearing. Petitioner contends that there is nothing in the record of the suppression hearing supporting this statement and the court erred in admitting the photo in question.
 
 I.
 
 4
 Houston testified at the suppression hearing that he did not discuss his investigation of petitioner with the DEA and U.S. Attorney until approximately one week after conducting the search in question. A search may be subject to Rule 41 if the fruits are used in a federal prosecution, although undertaken by state officials pursuant to a state warrant in the enforcement of state law, if there has been a sufficient degree of federal participation in the search. Lustig v. United States, 338 U.S. 74 (1949); United States v. Searp, 586 F.2d 1117 (6th Cir. 1978), cert. denied, 440 U.S. 921 (1979).
 
 
 5
 The government has asserted in the instant case that '[t]he fact that Sgt. Houston held a federal commission does not make his every act that of a federal official.' We agree. Because of the increasing cooperation between federal, state and local law enforcement agencies involved in narcotics enforcement, large numbers of state and local police officers undoubtedly hold federal commissions. This fact, standing alone, does not transform their every act into a federal one. Cf. United States v. Harrington, 504 F.2d 130, 133 (7th Cir. 1974) (Rule 41 applicable where warrant was obtained and search conducted by local police officers holding federal DEA commissions, and assistant U.S. attorney and local DEA chief were present at search as observers). Moreover, this Circuit has followed the lead of the Second Circuit in United States v. Burke, 517 F.2d 377 (2d Cir. 1975), in holding that violations of Rule 41 should not lead to exclusion unless there is prejudice, in the sense that the search might not have occurred or been as abrasive if the rule had been followed, or there is evidence of willful disregard of the rule. United States v. $22,287.00, United States Currency, 709 F.2d 442, 448 (6th Cir. 1983). Neither showing was made or alleged by petitioner. Apart from the authority under Rule 41 of the issuing judge, the District Court specifically noted that '[t]he warrant itself was properly obtained.' The District Court did not err in denying the defendant's motion to suppress.
 
 II.
 
 6
 Admission of evidence not properly discovered is not reversible error unless prejudicial to the substantial rights of the defendant. United States v. Stull, 521 F.2d 687, 692 (6th Cir.), cert. denied, 423 U.S. 1059 (1975). Greer's defense at trial was that he did not live or have any connection to the residence searched at the time the heroin was found. He contends that the photograph in question was crucial to connect him to the residence searched to establish possession of anything found there.
 
 
 7
 Contrary to his contention, the photo in question was a minor part of the proof that he was residing at the residence when it was searched. First, its logical relevance is slight. He did not contest his relationship with his girlfriend; thus, the presence there of a picture of them together would not be likely to be regarded by the jury as particularly persuasive evidence that he or they as opposed to she alone lived there. More importantly, there was a considerable body of evidence apart from the photo introduced at trial linking him to the searched residence. It was brought out at trial that he was observed at the address by officers within a week of execution of the warrant; that the owner was a friend of his mother, and rented it to him and his girlfriend after he inquired about it in September or October of 1983; that rent receipts for the property were in his possession when he was arrested; that various other items connecting him to the residence were found there during the search; and that his girlfriend stated to Sgt. Houston after entering the residence during the course of the search that he lived in the apartment, and that she had moved out for a time because he was dealing drugs there. Whether or not the photo was properly disclosed, its admission was harmless.
 
 
 8
 The conviction is affirmed.
 
 
 
 *
 Honorable Ralph B. Guy, Jr., United States District Court for the Eastern District of Michigan, sitting by designation