NOT FOR PUBLICATION
File Name: 06a0086n.06
Filed: February 1, 2006

NO. 05-5436

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

                                     ON APPEAL FROM THE
v.                                   UNITED STATES DISTRICT
                                     COURT FOR THE EASTERN
MICHAEL LEE HOOPER,               DISTRICT OF TENNESSEE

     Defendant-Appellant.

_____/

BEFORE: NELSON, SUHRHEINRICH, and GRIFFIN, Circuit Judges.

     **SUHRHEINRICH, J.,** Defendant-Appellant Michael Lee Hooper pleaded guilty to one

count under 18 U.S.C. § 922(g)(1), that is, being a felon in possession of a firearm. The district

court sentenced him to a term of imprisonment of forty months, to be followed by a three-year term

of supervised release. He was also ordered to pay a special assessment of $100. He appeals the

district court's denial of his motion to suppress evidence obtained pursuant to a state search warrant.

     The sole issue on appeal is whether the district court erred in denying Hooper's motion to

suppress. The warrant was issued by a judicial commissioner authorized under Tennessee law to

issue warrants. Hooper argues that, because the officers requesting and executing the warrant were

deputized as special federal officers authorized to enforce Title 21 of the U.S. Code, that is, the

federal drug statute, the narcotics investigation into Hooper was federal. However, there is no

evidence that this was a federal investigation. To the contrary, all the evidence shows that the

officers were acting in furtherance of a state investigation at the time of requesting and executing

the search warrant. Hooper nonetheless argues that the officers' federal deputations require that the warrant be issued in accordance with Fed. R. Crim. P. 41. The parties stipulate that the state judicial commissioner was not "a state court of record" for purposes of Rule 41.

Upon careful review of the parties' arguments and relevant case law, and having heard oral argument, we conclude that the district court's resolution of the issues was correct. As we said in *United States v. Greer*, 762 F.2d 1012 (6th Cir. 1985) (unpublished table decision) (No. 84-5856 *available at* 1985 WL 13251), the mere fact that state law enforcement officers hold federal deputations "does not transform their every act into a federal one." *Id.* at *1. We therefore **AFFIRM** for the reasons stated by the magistrate judge in his report and recommendation dated January 5, 2004 as adopted by the district court on March 8, 2004.